UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JOHN BUBENIK** | * | **CIVIL ACTION NO. 15-5207** |
| | * | |
| **- VERSUS -** | * | **JUDGE** |
| | * | |
| **PHOENIX INTERNATIONAL HOLDINGS, INC., ABC INSURANCE, MC OFFSHORE PETROLEUM, INC., XYZ INSURANCE, AAA COMPANY, INC, AND AAA INSURANCE** | * * * * * | **MAGISTRATE** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

**NOW INTO COURT,** through undersigned counsel comes your Complainant, **JOHN BUBENIK**, who files his Complaint against **PHOENIX INTERNATIONAL HOLDINGS, INC., MC OFFSHORE PETROLEUM, LLC, and AAA COMPANY, INC.** for personal injury damages and, in support thereof would show unto the Court the following:

### JURISDICTION

### I.

Jurisdiction of this Honorable Court is based on the Jones Act, (46 U.S.C. § 688, *et. seq.*), and under the General Maritime Law for general maritime negligence and unseaworthiness and for maintenance and cure.

## PARTIES

## II.

Parties named herein are as follows:

A. Named Complainant herein is:

1. **JOHN BUBENIK**, a resident of the full age of majority of the State of Florida.

B. Named Respondents herein are:

1. **PHOENIX INTERNATIONAL HOLDINGS, INC.**, a foreign corporation authorized to do and doing business within the jurisdiction of this Honorable Court;

2. **MC OFFSHORE PETROLEUM, LLC.**, a foreign corporation authorized to do and doing business within the jurisdiction of this Honorable Court.

3. **AAA COMPANY, INC.**, a domestic or foreign corporation authorized to do and doing business within the jurisdiction of this Honorable Court whose identity is to be later determined and substituted at that time.

## FACTS

## III.

On or about October 20, 2012, **JOHN BUBENIK**, was employed by **PHOENIX INTERNATIONAL HOLDINGS, INC.**, as a dive supervisor, commercial diver, seaman and member of the crew of **ODYSSEA COURAGE**, said vessel under the ownership, control and authority of **PHOENIX INTERNATIONAL HOLDINGS, INC.** and which at the time of the

incident in question was working as a vessel facilitating: (1) ROV inspection of the welding performed on the tendons of Permanent Platform, **A-JOLLIET TLP**, operated by **MC OFFSHORE PETROLEUM, LLC** in the Gulf of Mexico, (2) ROV pipeline survey of Permanent Platform, **A-JOLLIET TLP**, operated by **MC OFFSHORE PETROLEUM, LLC** in the Gulf of Mexico, and (3) ROV anode survey of Permanent Platform, **A-JOLLIET TLP**, operated by **MC OFFSHORE PETROLEUM, LLC** in the Gulf of Mexico.

## IV.

On or about October 20, 2012, during the course and scope of his employment with **PHOENIX INTERNATIONAL HOLDINGS, INC.**, **JOHN BUBENIK** sustained a serious injury to his left eye wherein a metal fragment caused abrasion to the cornea. Said injury has resulted in multiple corneal erosions and possible permanent disability in the form of loss of vision in Complainant's left eye.

## V.

In the days prior to the injury in suit, Respondent, **PHOENIX INTERNATIONAL HOLDINGS, INC.** was engaged in a project aboard the **ODYSSEA COURAGE** to perform ROV inspection of the welding of platform tendons, ROV pipeline survey, and ROV anode survey of the platform, **A-JOLLIET TLP**, operated by **MC OFFSHORE PETROLEUM, LLC** in the Gulf of Mexico.

## VI.

The responsibilities of Respondents in the aforementioned project were apportioned as follows: **PHOENIX INTERNATIONAL HOLDINGS, INC.** provided the diving technology, equipment, vessel, and personnel for the underwater work to be performed on the platform and

**MC OFFSHORE PETROLEUM, LLC** provided job requirements and scope of the job to be performed.

## IV.

During the days prior to the incident in question Respondents developed specific operations plan to perform the ROV inspections and survey, including Job Safety Analysis Plans, communication protocol, management systems and other operational procedures for the ROV inspections and survey.

## V.

On or about October 20, 2012, Complainant was engaged in in his position as dive supervisor in the back deck of the **ODYSSEA COURAGE** (where the operation had an office and ROV control van) when his left eye was unexpectedly struck by a piece of debris. Complainant experienced irritation of the eye but was unaware of the seriousness of his injury until October 21, 2012 at approximately 0300 AM when he was awoken from his sleep due to increased irritation.

## VI.

Complainant was to be airlifted to receive medical treatment offshore but the worsening weather conditions made the same unsafe. Complainant has been treating for said injury to date and may experience permanent disability as a result of the same.

## VII.

Upon information and belief, **AAA COMPANY, INC.** was performing work on the platform, **A-JOLLIET TLP**, operated by **MC OFFSHORE PETROLEUM, LLC** that included but was not limited to water blasting, which caused metal particles to fly to

Complainant's area. **AAA COMPANY, INC.**'s lack of precaution with regard to their work and operation caused and/or contributed to Complainant's injury.

## VIII.

As a direct result of the incident aforementioned in paragraphs, your Complainant, **JOHN BUBENIK,** has sustained a disability, incurred and will continue to incur in the future loss of wages, fringe benefits, loss of earning capacity and has incurred and will incur in the future, medical expenses and other financial losses.

## CAUSES OF ACTION

## JONES ACT

## IX.

Complainant's injuries are as a direct result of the negligent acts of the **PHOENIX INTERNATIONAL HOLDINGS, INC.,** in the operation and maintenance of the vessels, gear, appurtenances, crew, working conditions, and in the supervision of and planning and direction of the work of the vessel's crew.

More specifically, the **PHOENIX INTERNATIONAL HOLDINGS, INC.** supervisory personnel aboard the **ODYSSEA COURAGE** was negligent in the following particulars, to wit:

1. Failure to prepare and implement the appropriate Job Safety Analysis (JSA) for the work being performed by **JOHN BUBENIK** on October 20, 2012;

2. Failure to properly prepare an appropriate and safe work plan and conduct safety meetings with **MC OFFSHORE PETROLEUM, LLC and AAA COMPANY, INC.** to coordinate the ROV inspection and survey operation;

3. Failure to communicate and implement a stop work authority protocol;

4. Failure to provide and reinforce **PHOENIX INTERNATIONAL HOLDINGS, INC.** operations and procedures for the scope of the work performed;

5. Failure to ensure appropriate lines of communication with **MC OFFSHORE PETROLEUM, LLC and WATERBLASTING COMPANY, INC.**

6. Any and all other acts of negligence discovered during the prosecution and discovery of these causes of action.

### X.

At the time and place in question, **PHOENIX INTERNATIONAL HOLDINGS, INC.** was acting by and through its representatives, agents, servants and employees acting within the course and scope of its employment and whose acts and/or omissions constituted negligence and were a proximate cause of Complainant's injuries and damages made the basis of this suit.

### XI.

In light of the aforementioned negligence, **PHOENIX INTERNATIONAL HOLDINGS, INC.** is answerable to Complainant under the provisions of 46 U.S.C. § 688, *et. seq,* more commonly known as the Jones Act, for all general and special damages aforementioned in the aforementioned paragraphs of this Complaint.

## GENERAL MARITIME LAW
## UNSEAWORTHINESS and NEGLIGENCE

### XII.

Under the General Maritime Law, it was the duty of **PHOENIX INTERNATIONAL HOLDINGS, INC., MC OFFSHORE PETROLEUM, LLC and AAA COMPANY, INC.** to furnish Complainant, **JOHN BUBENIK**, with a safe place in which to work and with safe gear,

appurtenances, equipment, a properly manned vessel and to conduct operations aboard the vessel in a safe and proper manner; additionally, in light of the improper manning, provisioning and operation of the **ODYSSEA COURAGE,** said vessel was unseaworthy at the time of the incident in question.

### XIII.

Under the General Maritime Law, it was the duty of **AAA COMPANY, INC.** to take precautions in the operation of its work in order to avoid metal fragments and particles from injuring other workers on or near the platform in question, i.e. **A-JOLLIET TLP.** The actions of **A-JOLLIET TLP** fell far below the standard of care required within the industry.

### XIV.

Under the General Maritime Law, it was the duty **PHOENIX INTERNATIONAL HOLDINGS, INC., and MC OFFSHORE PETROLEUM, LLC** to conduct the ROV inspection and survey operation within the standard of accepted ROV inspection and survey protocol; the actions of Respondents on October 20, 2015 fell far below the standard of care required within the industry.

### XV.

In light of the aforementioned negligence **PHOENIX INTERNATIONAL HOLDINGS, INC., MC OFFSHORE PETROLEUM, LLC and AAA COMPANY, INC.** are answerable under the General Maritime Law to Complainant for all general and special damages mentioned in the aforementioned paragraphs of this Complaint.

## MAINTENANCE AND CURE

### XVI.

As an employee and seaman for **PHOENIX INTERNATIONAL HOLDINGS, INC.**, **JOHN BUBENIK**, is entitled under the General Maritime Law to the payment of maintenance and cure until reaching maximum medical cure. At the filing of this Complainant **JOHN BUBENIK** has not reached maximum medical improvement and is entitled to payment of maintenance and cure benefits.

## JURY TRIAL

### XVII.

In connection with this cause of action, Complainant is entitled to and requests trial by jury.

**WHEREFORE, JOHN BUBENIK** prays for judgment against **PHOENIX INTERNATIONAL HOLDINGS, INC., MC OFFSHORE PETROLEUM, LLC and AAA COMPANY, INC.** in an amount as may be due and proper in the premises, for all costs and disbursements in this action and for all general and equitable relief.

**JOHN BUBENIK** further prays for judgment against **PHOENIX INTERNATIONAL HOLDINGS, INC.** to provide appropriate medical care and rehabilitation due and for all maintenance and cure benefits due him under the law.

Complainant further prays that **PHOENIX INTERNATIONAL HOLDINGS, INC., MC OFFSHORE PETROLEUM, LLC and AAA COMPANY, INC.** be ordered to appear and answer herein according to law, and that upon final hearing of this cause, judgment be rendered in Complainant's favor against Defendants for all damages alleged herein, including

prejudgment interest, all costs of these proceedings, and further for all general and equitable relief to which Complainant may be entitled by law, as well as trial by jury.

Respectfully Submitted,

_____
Alejandro J. Rodriguez, La. Bar No. 30947
**Varadi, Hair & Checki, LLC**
650 Poydras Street, Suite 1550
New Orleans, Louisiana 70130
Telephone: (504) 684-5200
Facsimile: (504) 613-6351
Rodriguez@vhclaw.com

AND

BOBBY J. DELISE (4847)
ALTON J. HALL, JR. (20846)
**DELISE & HALL**
7924 MAPLE STREET
NEW ORLEANS, LA 70118
Ph: (504) 836-8000
Fax: (504) 836-8020
bdelise@divelawyer.com

**Counsel for Complainant,
JOHN BUBENIK**

9